1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROGER HULL,                )
      #68989            )
                       )
         Plaintiff,       )       3:10-cv-0260-ECR-RAM
                       )
vs.                   )
                       )       **ORDER**
STATE OF NEVADA, *et al.*,   )
                       )
        Defendants.     )
_____/

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

1   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*
2   *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

3           Dismissal of a complaint for failure to state a claim upon which relief may be granted is
4   provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
5   Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under
6   Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,
7   232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the
8   elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief
9   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965
10  (2007). "The pleading must contain something more...than...a statement of facts that merely creates a
11  suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the
12  court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital*
13  *Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and
14  resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

15          Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings
16  drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21
17  (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All
18  or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims
19  lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are
20  untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal
21  interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*
22  fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932
23  F.2d 795, 798 (9th Cir. 1991).

24

25

26

2

1    To sustain an action under section 1983, a plaintiff must show (1) that the conduct

2    complained of was committed by a person acting under color of state law; and (2) that the conduct

3    deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

4    (9th Cir. 2006).

5    **II.   Instant Complaint**

6    Plaintiff, who is incarcerated at Northern Nevada Correctional Center ("NNCC") has sued

7    the State of Nevada, Nevada Department of Corrections ("NDOC") Medical Director Robert Bannister,

8    NNCC Warden James Benedetti, and NNCC Director of Nursing John Peery, alleging deliberate

9    indifference to his serious medical needs in violation of his Eighth Amendment rights as well as

10   violations of his Fourteenth Amendment rights to equal protection and due process.

11   As an initial matter, while plaintiff names the State of Nevada as a defendant, states are

12   not persons for purposes of § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69

13   (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l*

14   *Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc);

15   *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).  Section 1983 claims against

16   states, therefore, are legally frivolous.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989),

17   superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

18   (*en banc*).  Accordingly, all claims against the State of Nevada are dismissed with prejudice.  The State

19   of Nevada is dismissed from this action.

20   Further, the court notes that, "Where a particular amendment 'provides an explicit textual

21   source of constitutional protection' against a particular sort of government behavior, 'that Amendment,

22   not the more generalized notion of "substantive due process," must be the guide for analyzing [a

23   plaintiff's] claims'." *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality)

24   (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  Therefore, plaintiff's claims will be analyzed

25   under the Eighth Amendment right to be free from cruel and unusual punishment rather any generalized

26   notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment

3

1   due process claim, set forth in Count III, must be dismissed.

2                       **A.  Count I:  Eighth Amendment Claims**

3           With respect to the remaining defendants, Bannister, Benedetti and Peery, plaintiff alleges

4   that while at Lovelock Correctional Center ("LCC") he was allowed to purchase contact lenses and lense

5   solution, but that since his transfer to NNCC in 2009, defendants have refused to allow plaintiff to

6   purchase contact lenses.  Plaintiff claims that defendants "did not ensure that the plaintiff had a

7   legitimate alternative, *i.e.*, a pair of glasses that allowed him to see clearly and did not cause headaches,

8   dizziness, and nausea."  Plaintiff contends that defendants have been deliberately indifferent to his

9   medical needs in violation of the Eighth Amendment.

10           The Eighth Amendment prohibits the imposition of cruel and unusual punishments and

11   "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*

12   *v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not

13   constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate

14   indifference to serious medical needs." *Id.* at 106.  The "deliberate indifference" standard involves an

15   objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently

16   serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298

17   (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails

18   more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.

19   *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the

20   official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

21           In applying this standard, the Ninth Circuit has held that before it can be said that a

22   prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.

23   Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

24   *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.

25   "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does

26   not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does

not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Plaintiff alleges that defendant medical personnel have refused to allow him to purchase contact lenses or to provide eyeglasses that do not cause blurry vision, headaches, dizziness and nausea.  Plaintiff states an Eighth Amendment claim.

**B.  Count II:  Fourteenth Amendment Right to Equal Protection**

Plaintiff also alleges that defendants "have failed to treat the plaintiff equally to other similarly situated inmates" in violation of the Fourteenth Amendment.  Plaintiff appears to base this claim on his allegation that while incarcerated at LCC, he and other prisoners were allowed to purchase contact lenses, but defendants have not allowed him to do the same at NNCC.

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners

are also protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9ᵗʰ Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff has not alleged that defendants intentionally discriminated against him based on race or religion or his membership in any other protected class. Therefore, plaintiff's Fourteenth Amendment Equal Protection claim is dismissed.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and **FILE** the complaint (Docket #1, Exhibit B).

**IT IS FURTHER ORDERED** that all claims against the State of Nevada are dismissed with prejudice. The State of Nevada is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Eighth Amendment claims against defendants Bannister, Benedetti and Peery in Count I **may proceed**.

**IT IS FURTHER ORDERED** that Count II is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Count III is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order, including the attached Intent to Proceed with Mediation Form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**. The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Intent to Proceed with Mediation Form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 12th day of July, 2010.

_Edward C. Reed._
_____
UNITED STATES DISTRICT JUDGE

1

2  Name _____

3  Prison Number _____

4  Address _____
   _____

5  _____

6
                    UNITED STATES DISTRICT COURT
7                       DISTRICT OF NEVADA

8  _____,  )    Case No. _____
                Plaintiff,   )
9                            )
   v.                        )    **NOTICE OF INTENT TO**
10                           )    **PROCEED WITH MEDIATION**
   _____   )
11                           )
   _____   )
12              Defendants.  )
   _____   )

13
        This case may be referred to the District of Nevada's early inmate mediation program.  The
14 purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
   which the parties meet with an impartial court-appointed mediator in an effort to bring about an
15 expedient resolution that is satisfactory to all parties.

16 1.    Do you wish to proceed to early mediation in this case? _____ Yes   _____ No

17 2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

18       _____

19       _____

20       _____

21 3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court
         in the last five years and the nature of each case. (Attach additional pages if needed).

22       _____

23       _____

24       _____

25

26

                                        8

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty (20) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

9