**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROGER HULL, | 3:10-cv-00260-ECR (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| ROBERT BANNISTER, et al., | |
| Defendants. | |

Before the court is Defendants' Motion for Leave to File Under Seal Exhibits A-D in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. (Doc. # 34.)

Defendants seek leave to file Exhibits A-3 in support of their opposition to Plaintiff's Motion for Preliminary Injunction (Doc. # 27) under seal. (Doc. # 34.) Defendants argue that Exhibits A-D consist of Plaintiff's confidential medical records, and therefore should be kept under seal. (*Id.*)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

1       A motion to seal documents that are part of the judicial record, or filed in connection
2 with a dispositive motion, as they are here, must meet the "compelling reasons" standard
3 outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that
4 "compelling reasons supported by specific factual findings...outweigh the general history of
5 access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial
6 court must weigh relevant factors including "the public interest in understanding the judicial
7 process and whether disclosure of the material could result in improper use of the material for
8 scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific
9 Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation
10 omitted). While the decision to grant or deny a motion to seal is within the trial court's
11 discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605
12 F.3d at 679.

13       A motion to seal documents in connection with a non-dispositive motion, on the other
14 hand, need only meet the "good cause" standard outlined in *Kamakana*. *Kamakana*, 447 F.3d
15 at 1179-80.

16       The underlying motion, a motion for preliminary injunction, likely constitutes a non-
17 dispositive motion; therefore, the "good cause" standard applies.

18       The court recognizes that the need to protect medical privacy has qualified as a
19 "compelling reason," for sealing records, and therefore, satisfies the "good cause" standard for
20 documents filed in connection with a non-dispositive motion. *See, e.g., San Ramon Regional
21 Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011);
22 *Abbey v. Hawaii Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010);
23 *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010
24 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*,
25 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

26       Therefore, the court finds that "good cause" exists for keeping *Exhibits A-C*, consisting
27 of Plaintiff's medical records, under seal, and Defendants' motion is **GRANTED** with respect

28       2

to Exhibits A-C.  However, *Exhibit D* consists of Medical Directive 123, and does not contain Plaintiff's medical records. Having provided no basis for sealing Medical Directive 123, the court **DENIES** Defendants' motion as to Exhibit D.

**IT IS SO ORDERED**.

DATED: January 9, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3